**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**STANLEY MONTGOMERY,**                                                                **PETITIONER**

**v.**                                              **No. 1:12CV54-A-A**

**MICHAEL MING, ET AL.**                                                    **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Stanley Montgomery for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State seeks dismissal of the instant petition for failure to exhaust state remedies. Montgomery has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust.

**Facts and Procedural Posture**

The petitioner, Stanley Montgomery, according to the updated address listed with the court, has served his term of incarceration and has been released, though it is not clear whether he is on parole or being monitored during supervised release. Certainly, he is no longer listed on the Mississippi Department of Corrections website as an inmate. On April 26, 2011, Montgomery pleaded guilty to five (5) counts of identity theft in the Circuit Court of Winston County, Mississippi. Winston County Circuit Court case number 2011-021-CR. At that time, he was sentenced for each count to serve a term of five (5) years in the custody of the Mississippi Department of Corrections ("MDOC"), and upon the completion of two (2) weeks, Montgomery was to be placed on post release supervision for the remaining four (4) years and fifty (50) weeks, with the sentence on all counts to run concurrently. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. However, Montgomery is entitled to file

motion for post-conviction relief in the trial court under MISS. CODE ANN. § 99-39-5 and § 99-39-7. Montgomery has not filed such a motion.

On September 23, 2011, the Circuit Court issued a warrant for Montgomery as he violated the conditions of his post-release supervision in case number 2011-021-CR. On October 24, 2011, Montgomery was indicted for twelve (12) new counts of identity theft. Winston County Circuit Court case number 2011-071-CR. There has been no trial or other final disposition of the new identity theft charges.

In his *habeas corpus* petition filed on March 5, 2012, Montgomery raises the following grounds (as stated by Petitioner) for relief:

> Ground One: The Citizen's Bank of Noxapater, Mississippi allowed me to withdraw money on an account that was not my account.
>
> Ground Two: Fifth Circuit Judge Joseph H. Loper, Jr. knew that I was being mislead by the attorney that represented me.
>
> Ground Three: My attorney Austin Vollar mislead me from the beginning of the case, the preliminary and circuit court.
>
> Ground Four: Due to the fact that my appointed attorney did not show up in the grand jury session, I feel that I was not represented properly.

These grounds have not been exhausted in state court. Montgomery has not given the Mississippi Supreme Court an opportunity to review his claims. As such, the instant federal *habeas corpus* petition should be dismissed for failure to exhaust these claims.

## Exhaustion

A prisoner seeking federal *habeas corpus* relief must first exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1) and (c), *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Duckworth v. Serrano*, 454 U.S. 1 (1981). Failure to do so requires the dismissal of the *habeas corpus* petition without prejudice.

*Id.*. "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178-79, 121 S.Ct. 2120, 2127-28 (2001) (citing *O'Sullivan v. Boerckel*, supra). "[C]omity and judicial economy make it appropriate to insist on complete exhaustion where 'unresolved questions of fact or state law might have an important bearing . . . .'" *Horsley v. Johnson*, 197 F.3d 134, 136 (5 Cir. 1999) (5th Cir. 1999) (citations omitted). Further, as Montgomery has not presented the court with reason for the court to stay the petition and hold it in abeyance while he pursues the remedies available in state court, the court will not stay the case. *See Rhines v. Weber*, 125 S.Ct. 1528 (2005). Montgomery has not exhausted the current petition; as such, it will be dismissed without prejudice. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED,** this the 31st day of January, 2013.

                                                                 **/s/ Sharion Aycock**
                                                                  **U.S. DISTRICT JUDGE**